FILED
NOVEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Hartford Fire Insurance Company**, | ) | **07 C 6664** |
| Plaintiff, | ) | |
| v. | ) No. | |
| **Drew Brauer**, | ) | **JUDGE HOLDERMAN** |
| | ) | **MAGISTRATE JUDGE KEYS** |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hartford Fire Insurance Company, by its attorneys Wayne Karbal and Paul Parker of Karbal, Cohen, Economou, Silk & Dunne, LLC, for its Complaint against Defendant Drew Brauer, alleges the following:

### Parties

1. Plaintiff Hartford Fire Insurance Company (hereinafter "Hartford Fire") is a corporation incorporated under the laws of the State of Connecticut having its principal place of business in the State of Connecticut.

2. Defendant Drew Brauer (hereinafter "Brauer") is a citizen of the State of Illinois.

### Jurisdiction and Venue

3. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this civil action is between citizens of different States.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. Section 1391(a)(1) and (2), in that Defendant Brauer resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim at issue occurred in this Judicial District.

### Underlying Complaint

5.   On or about July 2, 2007, "Jane Doe" filed a complaint in the Circuit Court of Cook County, Illinois, Clerk's Docket No. 2007 L 006835 (hereinafter the "Underlying Complaint"). The Underlying Complaint contains three Counts or separate causes of action and names Brauer, among others, as a Defendant. Only Counts I and II of the Underlying Complaint are directed against Brauer. A true copy of the Underlying Complaint is attached hereto as Exhibit 1.

6.   Jane Doe alleges that, during 2006, she was an undergraduate student and a member of the women's basketball team at Trinity International University (hereinafter "Trinity"). According to the Underlying Complaint, Brauer was the team's head coach. Jane Doe alleges among other things that, during two overnight basketball tournaments in November 2006, Brauer sexually harassed and assaulted her.

7.   Count I of the Underlying Complaint is directed against Brauer and alleges that Brauer willfully and intentionally committed a battery by touching, kissing and forcing sexual intercourse upon Jane Doe. Count I also asserts that Brauer willfully and intentionally sexually harassed Jane Doe with repeated, inappropriate sexual behavior. Count I asserts that the actions of Brauer were done intentionally to cause harmful and offensive contact.

8.   Count II of the Underlying Complaint is directed against Brauer and alleges a claim of intentional infliction of emotional distress based on Brauer's allegedly extreme and outrageous conduct.

## Policies

9.   Hartford Fire issued the following liability insurance policies (hereinafter the "Policies") to Trinity, under which Brauer has claimed or may claim he is entitled to defense and indemnity for the Underlying Complaint:

| **Policy No.** | **Effective Dates** |
|---|---|
| 83 UEN RY9529 | 6/30/04-6/30/05 |
| 83 UEN RY9529 | 6/30/05-6/30/06 |
| 83 UEN RY9529 | 6/30/06-6/30/07 |
| 83 UEN RY9529 | 6/30/07-6/30/08 |

10. The Policies state in part as follows:

*Section II--Who Is An Insured*
...
2. *Each of the following is also an insured:*

    a. *Employees and Volunteer workers*

    *Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. ...*

## Count I -- Declaratory Judgment

11. Hartford Fire adopts and repeats the allegations of paragraphs 1 through 10 as and for paragraph 11 as though the same were fully set forth here.

12. Hartford Fire has no duty, obligation or liability under the Policies to defend and/or indemnify Brauer with respect to the Underlying Complaint, for one or more of the following reasons:

    a. Brauer does not qualify as an insured under the Policies;

    b. Brauer's alleged acts and/or omissions were outside the scope of his employment with Trinity and were not done while performing duties related to the conduct of Trinity's business;

    c. The allegations against Brauer in the Underlying Complaint are not covered and/or are excluded from coverage under the Policies.

13. An actual and justiciable controversy exists between the parties to this litigation under Count I regarding their rights and obligations with respect to insurance coverage under the Policies for the Underlying Complaint, and Hartford Fire seeks a declaration pursuant to 28 U.S.C. §2201 that Brauer is not entitled to coverage under the Policies for the Underlying Complaint.

Wherefore, Hartford Fire prays that the Court shall:

a. Enter an Order declaring that Hartford Fire has no obligation to defend Brauer under the Policies for the Underlying Complaint;

b. Enter an Order declaring that Hartford Fire has no obligation to indemnify Brauer under the Policies for the Underlying Complaint;

c. Enter an Order granting any other relief that is just and appropriate.

Date: November 27, 2007

HARTFORD FIRE INSURANCE COMPANY

By: _____
       One of Its Attorneys

Wayne S. Karbal (Ill. ARDC No. 6207190)
Paul Parker (Ill. ARDC No. 6181229)
Karbal, Cohen, Economou, Silk & Dunne, LLC
200 South Michigan Avenue, 20th Floor
Chicago, Illinois 60604
Tel: (312) 431-3700
Fax: (312) 431-3670
Attorneys for Hartford Fire Ins. Co.

4