IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hartford Fire Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6664 |
| v. | ) | |
| | ) | Judge Holderman |
| | ) | Magistrate Judge Key |
| Drew Brauer, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO**
**FIRST AMENDED COMPLAINT**

NOW COMES Defendant, Drew Brauer, by and through his attorney, James T. Harrison, and for his Answer to the First Amended Complaint for Declaratory Judgment ("Amended Complaint") filed by the Plaintiff, Hartford Fire Insurance Company, states as follows:

**Parties**

1.  Plaintiff Hartford Fire Insurance Company (hereinafter "Hartford Fire") is a corporation incorporated under the laws of the state of Connecticut having its principal place of business in the state of Connecticut.

**Answer:** Defendant Brauer is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1.

2.  Defendant Drew Brauer (hereinafter "Brauer") is a citizen of the state of Illinois.

**Answer:** Defendant Brauer admits the averments of Paragraph 2.

3.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this civil action is between citizens of different states.

**Answer:**      Paragraph 3 of the Amended Complaint states legal conclusions which require no response; to the extent that Paragraph 3 of the Amended Complaint states any factual matter, Defendant Brauer is without sufficient information to form a belief as to the truth of the averment.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. Section 1391(a)(1) and (2), in that Defendant Brauer resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim at issue occurred in this Judicial District.

**Answer:**      Defendant Brauer admits that he resides in this Judicial District. Defendant Brauer denies the remaining averments of Paragraph 4 of the Amended Complaint except the averment pertaining to where venue is proper, which is a legal conclusion that requires no response.

## Underlying Complaint

5.      On or about July 2, 2007, "Jane Doe" filed a complaint in the Circuit Court of Cook County, Illinois, Clerk's Docket No. 2007 L 006835, and on or about December 21, 2007 filed an amended complaint (hereinafter the "Underlying Complaint"). The Underlying Complaint contains four (4) Counts or separate causes of action and names Brauer, among others, as a Defendant. Only Counts I, II, and IV of the Underlying Account are directed against Brauer. A true copy of the Underlying Complaint is attached hereto as Exhibit 1.

**Answer:** Defendant Brauer admits the averments of Paragraph 5 of the Amended Complaint.

6. Jane Doe alleges that, during 2006, she was an undergraduate student and a member of the women's basketball team at Trinity International University (hereinafter "Trinity"). According to the Underlying Complaint, Brauer was the team's head coach. Jane Doe alleges among other things that, during two overnight basketball tournaments in November 2006, Brauer sexually assaulted her.

**Answer:** Defendant Brauer admits that the Underlying Complaint contains allegations of sexual assault against Defendant Brauer, and further states that the Underlying Complaint speaks for itself.

7. Count I of the Underlying Complaint is directed against Brauer and alleges that Brauer willfully and intentionally committed an assault upon Jane Doe by his attempts at touching, kissing, forcing sexual intercourse with Jane Doe, and by his repeated inappropriate sexual behavior. Count I alleges that the actions of Brauer were done intentionally to lead Jane Doe to believe she would be subject to harmful and offensive contact, or to cause harmful and offensive contact.

**Answer:** Defendant Brauer admits that Count I of the Underlying Complaint alleges a claim of assault against Defendant Brauer, and further states that the Underlying Complaint speaks for itself.

8. Count II of the Underlying Complaint is directed against Brauer and alleges a claim of intentional infliction of emotional distress based on Brauer's allegedly extreme and outrageous conduct.

3

**Answer:** Defendant Brauer admits that Count II of the Underlying Complaint alleges a claim for intentional infliction of emotional distress against Brauer, and further states that the Underlying Complaint speaks for itself.

9. Count IV of the Underlying Complaint is directed against Brauer and alleges that Brauer willfully and intentionally committed a battery upon Jane Doe by touching, kissing, and forcing sexual intercourse with Jane Doe. Count IV alleges that the actions of Brauer were done intentionally to cause harmful and offensive contact.

**Answer:** Defendant Brauer admits that Count IV of the Underlying Complaint alleges a battery claim against Defendant Brauer, and further states that the Underlying Complaint speaks for itself.

## Policies

10. Hartford Fire issued the following liability insurance policies (hereinafter the "Policies") to Trinity, under which Brauer has claimed or may claim he is entitled to defense and indemnity for the Underlying Complaint:

| Policy No. | Effective Dates |
|---|---|
| 83 UEN RY9529 | 6/30/04-6/30/05 |
| 83 UEN RY9529 | 6/30/05-6/30/06 |
| 83 UEN RY9529 | 6/30/06-6/30/07 |
| 83 UEN RY9529 | 6/30/07-6/30/08 |

**Answer:** Defendant Brauer is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 10.

11. The Policies state in part as follows:

*Section II – Who is an Insured*

. . .

*2.    Each of the following is also an insured:*

4

> a. *Employees and Volunteer workers*
>
> *Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . . .*

**Answer:** Defendant Brauer is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 11.

## Count I – Declaratory Judgment

12. Hartford Fire adopts and repeats the allegations of paragraphs 1 through 11 as and for paragraph 12 as though the same were fully set forth here.

**Answer:** Defendant Brauer adopts by reference thereto, and fully incorporates herein, his Answers to paragraphs 1 through 11 of the Amended Complaint as his Answers to paragraphs 1 through 11 of Count I of this Amended Complaint.

13. Hartford Fire has no duty, obligation or liability under the Policies to defend and/or indemnify Brauer with respect to the Underlying Complaint, for one or more of the following reasons:

a. Brauer does not qualify as an insured under the Policies;

b. Brauer's alleged acts and/or omissions were outside the scope of his employment with Trinity and were not done while performing duties related to the conduct of Trinity's business;

c. The allegations against Brauer in the Underlying Complaint are not covered and/or are excluded from coverage under the Policies.

**Answer:** Defendant Brauer is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 13.

14. An actual and justiciable controversy exists between the parties to this litigation under Count I regarding their rights and obligations with respect to insurance coverage under the Policies for the Underlying Complaint, and Hartford Fires seeks a declaration pursuant to 28 U.S.C. § 2201 that Brauer is not entitled to coverage under the Policies for the Underlying Complaint.

**Answer:** Defendant Brauer is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 14.

WHEREFORE, Defendant Brauer prays that this Court shall:

a. Enter an Order declaring that Hartford Fire has an obligation to defend Brauer under the Policies for the Underlying Complaint;

b. Enter an Order declaring that Hartford Fire has an obligation to indemnify Brauer under the Policies for the Underlying Complaint;

c. Enter an Order granting such other and further relief as is just and proper.

Respectfully submitted,

"s/James T. Harrison"
James T. Harrison
Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-7773
(815) 338-7738 Fax
Atty No. 06207020