# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DREW BRAUER, ) <br> ) <br> Defendant. ) | No.   1:07-cv-06664 <br><br> Judge James F. Holderman <br><br> Mag. Judge Arlander Keys |

## HARTFORD FIRE INSURANCE COMPANY'S
## MOTION FOR A PROTECTIVE ORDER

Plaintiff Hartford Fire Insurance Company ("Plaintiff" or "Hartford"), by its attorneys, hereby moves the Court for entry of a Protective Order with respect to Defendant Drew Brauer's ("Defendant" or "Brauer") First Request for the Production of Documents, and in support of said Motion states as follows:

1. Defendant served Hartford with a First Request for the Production of Documents, calling for production of liability insurance policies issued to Trinity International University ("Trinity"). These policies were issued to a non-party, Trinity, not to the Defendant Brauer.

2. Because the requested policies were not issued to Defendant, and because sensitive information relating to a student at Trinity who is suing under a pseudonym, may be inquired into and disclosed in the course of discovery, Hartford requested that Defendant enter into a Protective Order with respect to the insurance policies and other potentially discoverable information connected with the underlying allegations. However, the Defendant refused Hartford's request to enter into an Agreed Protective Order.

3. Upon Defendant's refusal, Hartford asked Trinity whether it would consent to production of its policies absent any form of Protective Order. Trinity objected to such a production instead requesting the policies be produced subject to a Protective Order.

4. Hartford then again requested that Defendant stipulate to entry of a Protective Order, but Defendant has not to date communicated any change in his position or agreed to stipulate to the entry of a Protective Order.

5. Federal Rule of Civil Procedure 26(c) provides that the court may enter a Protective Order for good cause shown. A Protective Order is appropriate where, as here, the parties may discover sensitive, private information concerning allegations of sexual misconduct involving a student at Trinity, which might, absent a protective order, be publicly disseminated. In addition, Trinity, the named insured on the subject liability policies, has indicated that its policies are confidential and their production should be subject to an appropriate Protective Order. Under these circumstances, good cause has been shown; for these reasons and for the additional reasons stated in the accompanying Brief in Support of Motion for Protective Order, Hartford prays that the Court will Order that the subject liability insurance policies not be produced absent a Protective Order, and that a Protective Order substantially in the form of the attached be entered.

Wherefore, Hartford Fire Insurance Company prays that the Court will enter an Order that the subject liability insurance policies not be produced absent a Protective Order, and that a Protective Order substantially in the form of the attached be entered.

Dated: April 23, 2008

        Respectfully submitted,
        HARTFORD FIRE INSURANCE COMPANY


        By:   s:/Paul T. Parker
             One of Its Attorneys

Wayne S. Karbal
Paul Parker
**KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC**
200 South Michigan Avenue, 20th Floor
Chicago, Illinois  60604
Tel:    312.431.3700
Fax:    312.431.3670
Firm ID No. 38100

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 23, 2008, I electronically filed the foregoing Motion for a Protective Order using CM/ECF SYSTEM which will send notification of such filing to the following:

         James T. Harrison
         HARRISON LAW OFFICES, P.C.
         684 South Eastwood Drive
         Woodstock, Illinois 60098

                                            s:/Paul T. Parker
                                            Paul T. Parker