IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DREW BRAUER, ) <br> ) <br> Defendant. ) | No.   1:07-cv-06664 <br><br> Judge James F. Holderman <br><br> Mag. Judge Arlander Keys |

**HARTFORD FIRE INSURANCE COMPANY'S
BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

Plaintiff Hartford Fire Insurance Company ("Plaintiff" or "Hartford"), by its attorneys, for its Brief in Support of Motion for a Protective Order with respect to Defendant Drew Brauer's ("Defendant" or "Brauer") First Request for the Production of Documents, states as follows:

*INTRODUCTION*

The present action involves the issue of whether the Defendant (a former basketball coach) may obtain insurance coverage under liability policies issued to Trinity International University ("Trinity") for allegations of sexual misconduct filed by a Trinity student athlete suing under a pseudonym.  Hartford seeks a Protective Order for the obvious reason that it seeks to maintain the confidentiality of potentially sensitive and embarrassing discoverable information.  Additionally, Trinity, a non-party to this action, has requested that its insurance policies be treated as confidential and accordingly be produced subject to a Protective Order. Despite numerous requests, Defendant's counsel has refused to agree to entry of a Protective Order.  Under the present circumstances, Defendant's refusal is plainly unreasonable and this Court should enter a Protective Order substantially in the form attached.

## *BACKGROUND*

On March 14, 2008, Defendant forwarded its First Request for Production of Documents to Hartford.  See attached Exhibit A.  Defendant's Request for Production sought production of certain liability insurance policies which name Trinity as insured.  The insurance policies sought by Defendant were issued to Trinity, a non-party, and were not issued to the Defendant Brauer.

This declaratory judgment action involves issues of liability insurance coverage for Defendant Brauer, a former basketball coach at Trinity.  Brauer is being sued for alleged sexual misconduct by a student member of Trinity's basketball team, who is suing under a "Jane Doe" pseudonym.  See attached Exhibit B.  The issues raised in this declaratory action include whether the Defendant qualifies as an insured under Trinity's policies, and whether Defendant is entitled to a defense and potentially indemnity for the underlying sexual misconduct suit brought by the "Jane Doe" plaintiff.  These issues might involve discovery into the facts of the alleged sexual misconduct.

Because Trinity's liability insurance policies were not issued to Defendant, and because sensitive information concerning sexual misconduct involving a Trinity student suing under a pseudonym may be subject to discovery, Hartford requested that Defendant enter into a Protective Order with respect to the insurance policies and other potentially discoverable information connected with the underlying allegations.  See attached Exhibit C.  However, the Defendant refused Hartford's request to enter into an Agreed Protective Order.  See attached Exhibit D.

Hartford then simultaneously obtained an extension to respond to Defendants' discovery while it sought Trinity's consent to produce its policies absent a Protective Order.  See attached Exhibits E and F.  Trinity agreed to the production of its policies but only if done subject to

Hartford seeking a Protective Order to maintain the policies' confidentiality. See attached Exhibit G. Thereafter, Hartford contacted Defendant asking him to reconsider his objections to a Protective Order. See attached Exhibit H. However, Defendant has not to date communicated any change in his prior position.

## *ARGUMENT*

Federal Rule of Civil Procedure 26(c) provides that the court may enter a protective order for good cause shown:

> (c) Protective Orders. Upon motion by a party … accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: …
>
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way ….

As indicated above, Trinity, the named insured under the subject liability insurance policies, views its policies as confidential and communicated that their production in this action should occur subject to an appropriate Protective Order. Further, discovery in this action may very likely involve sensitive, private information concerning allegations of sexual misconduct involving a Trinity student, which information might be publicly disseminated absent a Protective Order.

The liability insurance policies sought under Defendant's Request for Production of Documents do not name Defendant as insured, were not issued to Defendant, and are not owned by or the property of Defendant. Rather, these policies name Trinity as insured, were issued to Trinity, a non-party, and reflect Trinity's contract rights and obligations. They include data

regarding locations at which Trinity's operations are conducted, data relating to Trinity's motor vehicles, data showing the general nature and extent of Trinity's business and operations, including payroll data, and data showing Trinity's liability insurance risks and amounts of insurance. Trinity has a legitimate protectable interest in keeping its policies private, and "good cause" exists for entry of a Protective Order.[1]

Trinity views its policies as confidential and desires their production in this action to occur subject to an appropriate Protective Order. Trinity indicated that an appropriate Protective Order would provide that the policies should not be disclosed to persons other than parties to this action and certain fact and expert witnesses, and that the use of the policies should be restricted to this action. Further, Trinity indicated that the Protective Order should provide for the return of the policies at the conclusion of this action. These are reasonable restrictions and in no way limit Defendant's ability to pursue its claim for coverage under those policies.[2] Accordingly, Hartford seeks the entry of a Protective Order substantially in the form attached hereto. See Exhibit C.

"Good cause" for entry of a Protective Order also exists because the parties may discover sensitive, private information concerning allegations of sexual misconduct involving a student at

---

[1] See United States v. Hubbard, 650 F.2d 293, 307 n.53; (D.C. 1980) (a proprietary interest in a document, in combination with the affected privacy interests, may give rise to a protectable interest in preventing indiscriminate public access); Republic Services, Inc. v. Liberty Mut. Ins. Co., No. 03-494, 2006 U.S. Dist. LEXIS 38752) (E.D. Ky., June 9, 2006 (insurer's data regarding other customers was treated as private); Provident Mut. Life Ins. Co. v. Dumlao, No. 87 C 6161, 1989 U.S. Dist. LEXIS 196 (N.D. Ill. January 6, 1989) (certain information relating to non-party patients was treated as private). Cf. Skolnick v. Altheimer & Gray, 191 Ill. 2d 214; 730 N.E.2d 4 (2000) (indicating financial records would be entitled to protection, and citing Statland v. Freeman, 112 Ill. 2d 494; 493 N.E.2d 1075 (1986)); Lopez v. Fitzgerald, 76 Ill. 2d 107; 390 N.E.2d 835 (1979) (building inspection reports were treated as private documents); Ameri-Medical Corp. v. Workers' Comp. Appeals Bd., 42 Cal. App. 4th 1260, 1287-1288, 50 Cal. Rptr. 2d 366, 383-384 (1996) (recognizing a "limited privacy right"); Hecht, Solberg, Robinson, Goldberg & Bagley LLP v. Superior Court, 137 Cal App. 4th 579, 595, 40 Cal. Rptr. 3d 446 (2006) (declining to rule on extent of limited liability partnership law firm's privacy rights, but assuming that entity had some constitutional and statutory privacy rights, citing Ameri-Medical Corp.).

[2] See, e.g. Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) (court ordered that confidential documents be used solely for purposes of the litigation and be disclosed only to the parties' counsel and their personnel, parties, experts, witnesses under certain circumstances, the court, the triers of fact, court reporters, and notarizing officers, and that at the conclusion of the lawsuit, all confidential documents were to be returned); Johnson v. KC Life Insurance Company, No. 4:05CV3280, 2006 U.S. Dist. LEXIS 35668 (D. Neb. May 31, 2006) (similar order).

Trinity. The underlying suit alleges Defendant, who provided basketball coaching services to Trinity, engaged in sexual misconduct with a Trinity student who was a member of Trinity's basketball team during the relevant time. See Exhibit B. The underlying Plaintiff is suing under a pseudonym or fictitious name and therefore apparently believes the sexual misconduct allegations that involve her are sensitive. See gen. 735 ILCS Sec. 5/2-401(e) (allowing the parties to appear under fictitious names for good cause shown); Doe v. Oberweis Dairy, 456 F.3d 704 (7th Cir. 2006) (indicating plaintiff was being allowed to bring her suit, which involved sexual misconduct, under a fictitious name). Absent a protective order, such sensitive matters may become available to the public or might be publicly disseminated. Accordingly, "good cause" is present for the entry of a Protective Order. See Anderson v. Hale, No. 00 C 2021, 2001 U.S. Dist. LEXIS 6127 (N.D. Ill., May 10, 2001) (discovery of sensitive identification or association information was allowed, but was subject to a protective order). Cf. Purvis v. Board of Education, Nos. 05-1348 and 05-1350, 2006 U.S. Dist. LEXIS 64533 (C.D. Ill, September 11, 2006) (ruling protective order would be entered as to defendant's discovery directed towards Plaintiff's sexual history with particular person). Accordingly, Hartford seeks the entry of a Protective Order substantially in the form attached hereto. See Exhibit C.

      Wherefore, Hartford prays that the Court will rule that the requested liability insurance policies not be produced absent a Protective Order, and that a Protective Order in the form or substantially in the form attached hereto be entered.

Dated: April 23, 2008

                                    Respectfully submitted,
                                    HARTFORD FIRE INSURANCE COMPANY

                                  By:    s:/Paul T. Parker
                                            One of Its Attorneys

Wayne S. Karbal
Paul Parker
**KARBAL, COHEN, ECONOMOU,**
**SILK & DUNNE, LLC**
200 South Michigan Avenue, 20th Floor
Chicago, Illinois  60604
Tel:   312.431.3700
Fax:   312.431.3670
Firm ID No. 38100

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on April 23, 2008, I electronically filed the foregoing Brief in Support of Motion for a Protective Order using CM/ECF SYSTEM which will send notification of such filing to the following:

>James T. Harrison
>HARRISON LAW OFFICES, P.C.
>684 South Eastwood Drive
>Woodstock, Illinois 60098

                                        s:/Paul T. Parker
                                        Paul T. Parker