# Exhibit C

# Paul Parker

| | |
|---|---|
| From: | Paul Parker |
| Sent: | Monday, April 07, 2008 12:24 PM |
| To: | 'jharrison@harrisonlawoffices.com' |
| Subject: | Hartford Fire vs. Brauer |
| Attachments: | ProtOrd01a.pdf |

Dear Mr. Harrison:

Please review the attached and call me to discuss.
Thank you.



ProtOrd01a.pdf (82 KB)

Paul Parker
**Karbal | Cohen | Economou | Silk | Dunne | LLC**
200 S. Michigan Ave., 20th Floor
Chicago, IL  60604
(Direct)          312/431-3623
(Facsimile)     312/431-3670
(E-mail) pparker@karballaw.com

**CONFIDENTIALITY NOTE:**
This electronic message transmission contains information from the law firm of Karbal, Cohen, Economou, Silk & Dunne, LLC, which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

1

Draft: April 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Hartford Fire Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.    1:07-cv-06664 |
| vs. ) | |
| ) | Judge James F. Holderman |
| Drew Brauer, ) | |
| ) | Mag. Judge Arlander Keys |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to the Federal Rules of Civil Procedure and for good cause shown, the parties have stipulated to the entry of the following Protective Order. This Order is to preserve and maintain the confidentiality of certain limited confidential and proprietary information which may be disclosed or obtained by the parties through testimony and/or the production of documents or records by and between the parties during the course of discovery.

The parties agree that good cause exists for this Protective Order to preserve the legitimate proprietary and privacy interests of the parties and their sources of information that have not been released to the public and for which the parties may mutually seek production through their respective discovery requests. The Court specifically finds that sufficient good cause exists for the this Protective Order to be entered for purposes of discovery, and it reserves further decision on whether good cause has been shown to maintain the secrecy of any subset of the discovery materials that may influence or underpin the judicial decision on the merits. The Court now finds or orders as follows:

1.      Any document, deposition testimony, information or tangible items obtained though any means of pretrial discovery, or any portion thereof, may be designated as confidential

1

Draft: April 7, 2008

("Confidential Information") by the party producing it, if such party in good faith believes that the material qualifies for such protection.

To qualify as Confidential, such information may derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by other persons who can obtain economic value from its disclosure or use; be subject to reasonable efforts by the party to maintain its secrecy; or be entitled to protection from disclosure to outside parties under the Federal Rules of Civil Procedure or other law or rule.

2.  This Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated Confidential, shall be used solely for the prosecution or defense of this litigation, unless the information is available to the general public without a breach of the terms of this Protective Order. The measures designated by the parties in this Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

3.  This Protective Order is necessary to preserve the legitimate proprietary interests of sources of information and establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

4.  The Plaintiff and Defendant have shown good cause for issuance of this Protective Order. The documents and information they will produce are likely to contain Confidential Information, including, but not limited to, information about insurance policies, market analyses, pricing, forms, underwriting practices, risk evaluations, commercial

Draft: April 7, 2008

relationships with third parties, personal information, and other sensitive matters. It is reasonable for the parties to expect some assurance that the information produced will be protected from disclosure and restricted to use only in the possession or defense of this action.

5. Entry of this agreed Protective Order does not constitute a waiver of any objections raised in responses to discovery, nor does this Protective Order in any way obligate any party to produce any specific documents or records in the future that a party deems inappropriate for production.

6. Entry of this Protective Order shall not limit any party's right to conduct appropriate discovery or restrict the use of Confidential Information in the prosecution, defense, or settlement of this action.

7. Entry of this Protective Order shall not limit a party's right to the use of information or documents or other material that is publicly available, obtained outside the scope of this Protective Order, or already in the possession of a party prior to the commencement of this action.

8. This Protective Order is intended to preserve and maintain confidential, and proprietary business and personal information and sensitive matters, including, but not limited to, trade secrets, underwriting, research, development, marketing, or other sensitive commercial or personal information and similar records not known to general public, the disclosure of which could cause serious injury or damage to the parties. This Protective Order may also pertain to additional records of a proprietary nature which will be specifically designated by the disclosing party as they are determined by that party to fall within the protections of this Protective Order for purposes of discovery.

Draft: April 7, 2008

9. Any documents produced subject to the terms of this Protective Order shall be considered Confidential and shall be given confidential treatment as described below. All documents produced subject to this Protective Order shall be designated or stamped Confidential.

10. Documents designated as Confidential may include personal, private and/or Confidential Information relating to the parties. Additional documents may be identified at a later time that should be considered Confidential, which shall also be designated as Confidential at that time, and such record shall be given similar protections pursuant to this Protective Order as specifically designated by the parties during the course of this litigation.

11. Confidential documents or information shall not be exhibited, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned litigation and pursuant to this Protective Order.

12. Neither the receiving party nor its representatives shall disclose documents designated as Confidential, other than to the following persons (hereinafter referred to as ("Qualified Persons"):

    a) counsel of record for the parties to this Protective Order and agents or employees of such counsel, legal associates, paralegals, or clerical or other support staff to the extent necessary to assist in the conduct of this action;

    b) any present or former officer, director, employee, or in-house attorney of the parties, any claims administrator entity, representative, or agent for a party to this Protective Order, or any outside vendor who is assisting counsel in this action or the settlement thereof and/or who performs necessary functions in connection with this action;

Draft: April 7, 2008

    c)    any expert, investigator, agent, or consultant (including their employees, associates, and/or support staff) who is employed, retained, or otherwise consulted by a party to this Protective Order for its counsel in connection with this action, so long as such individual is provided with a copy of this Protective Order and specifically advised of the obligation to adhere to its terms;

    d)    any witness or potential witness at a deposition or trial, including such witness' counsel, or who may be called to give testimony on matters relating to the Confidential Information, so long as such witness is provided with a copy of this Protective Order and specifically advised of the obligation to adhere to its terms;

    e)    the Court and court personnel, any prospective or actual jurors, and any court reporter at a deposition at which Confidential Information is disclosed; and

    f)    any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any party or its counsel may be legally obligated to make such disclosure to the extent necessary for this action or any reinsurance matters.

This Protective Order permits the parties and the Qualified Persons to view documents or information designated as Confidential exclusively for purposes of this litigation; however, the parties and the Qualified Persons are precluded from sharing and/or disclosing that information to anyone other than Qualified Persons.

    13.    All parties and Qualified Persons expressly agree to maintain confidentiality associated with those documents designated pursuant to this Protective Order as Confidential, and agree that they will not disclose or otherwise share such information with anyone other than those persons designated in the preceding paragraph above, at any time either during the pendency of this action or subsequent to the conclusion of this litigation. To the extent

Draft: April 7, 2008

Confidential documents are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, such document shall be filed under seal and shall remain under seal until further order the Court. Where possible, only portions of the filing with the Court constituting Confidential Information shall be filed under seal. The party filing any Confidential Information shall be responsible for informing the Clerk of the Court that the filing should be sealed and for clearly marking the material "Confidential; Subject To Protective Order."

14. A party designating Confidential Information under paragraph 1 shall do so only upon a good faith belief that lack of such classification would, in its opinion, cause injury or damage to that party or a third party. A party shall not be obligated to challenge the propriety of a designation under paragraph 1 at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who produced Confidential Information that the designation be modified or withdrawn. If the designating party does not agree to a re-designation within five (5) days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the party who designated the material as Confidential Information to show why its classification is proper.

15. The use of Confidential documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the parties to comport with the Court's pre-trial or pre-hearing filing deadlines and, upon a showing of good cause to maintain secrecy of the Confidential Information, such documents or information may be submitted under seal.

Draft: April 7, 2008

16.    Confidential Information shall, with the Court's consent, receive in camera treatment at any trial, hearing, or other court proceeding, except upon written agreement by the parties or further order of the Court.

17.    The agreement of the parties to this Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as Confidential is, in fact, Confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential; or (iii) with respect to the authenticity, competency, relevance, or materiality of any document or thing designated as Confidential.

18.    A party shall designate all Confidential Information disclosed during any deposition in this matter as Confidential by notifying all parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

19.    Nothing shall prevent disclosure beyond the terms of this Protective Order if the party who designated the information Confidential expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

20.    The provisions of the Protective Order shall survive the conclusion of this action.

21.    If a court or an administrative agency issues a subpoena or orders production of Confidential Information, which a party has obtained under the terms of this Protective Order, such party shall promptly notify the party who designated the documents as Confidential Information of the pendency of such subpoena or order.

Draft: April 7, 2008

22. This Protective Order shall not prohibit disclosure of Confidential documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

23. Upon written request by counsel for the disclosing party or person, the party or witness having received any documents or information subject to this Protective Order shall return, or destroy, these items and any copies of same at the conclusion of this action or any appeal thereof, except that any insurance carriers may retain any Confidential Information if necessary to comply with their internal document retention policies, guidelines and/or applicable state or federal laws or regulations.

In witness whereof, the parties, by counsel, have executed this Agreed Protective Order on the dates next to their respective signatures below.

_____
For Plaintiff Hartford Fire Insurance Company
Wayne Karbal, Paul Parker
Karbal, Cohen, Economou, Silk & Dunne
200 S. Michigan Ave., 20th Floor
Chicago, IL 60604

_____
For Defendant Drew Brauer
James T. Harrison, Harrison Law Offices, P.C.
684 S. Eastwood Drive, Woodstock, IL 60098

_____
    Judge

8