# Exhibit H

## Paul Parker

| | |
|---|---|
| **From:** | Paul Parker |
| **Sent:** | Thursday, April 17, 2008 2:27 PM |
| **To:** | 'jharrison@harrisonlawoffices.com' |
| **Subject:** | Hartford Fire vs. Brauer |

**Attachments:**     TrinitysPositionRePolicyProduction.PDF

Dear Mr. Harrison:

We have now received Trinity International's response to our inquiries regarding production of their liability insurance policies (copy attached for your review).
In light of Trinity International's stated position, we ask you to reconsider your objections to the form of protective order we forwarded to you on April 7.
Please review the issues and I'll call you soon to discuss.
Thank you.


Paul Parker
**Karbal | Cohen | Economou | Silk | Dunne | LLC**
200 S. Michigan Ave., 20th Floor
Chicago, IL  60604
(Direct)         312/431-3623
(Facsimile)     312/431-3670
(E-mail) pparker@karballaw.com

**CONFIDENTIALITY NOTE:**
This electronic message transmission contains information from the law firm of Karbal, Cohen, Economou, Silk & Dunne, LLC, which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

TrinitysPositionReP
   olicyProduc...

1



# SCHIFFHARDIN LLP

6600 Sears Tower, Chicago, Illinois 60606-6473 · 312.258.5500
Facsimile 312.258.5600

|  |  |
|---|---|
| ATTORNEY NO.: | 2967 |
| CLIENT/MATTER NO.: | 2406-0039 |
| DATE: | April 16, 2008 |

## FACSIMILE TRANSMITTAL SHEET

## TO THE FOLLOWING:

| Name | Company | Fax Number | Phone Number |
|---|---|---|---|
| Mr. Paul Parker | Karbal, Cohen, Economou, Silk & Dunne | (312) 431-3670 | |

FROM:   Thurston C. Bailey          DIRECT DIAL NO.:   312-258-5561

Transmission consists of cover sheet plus 1 page(s).

If there are any problems with this transmission, please call _____ .

COMMENTS:

IMPORTANT - THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT READING, DISSEMINATING, DISTRIBUTING OR COPYING THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU

*(For Internal Use Only)* PLEASE RETURN THIS DOCUMENT TO:

Name:   Thurston C. Bailey
SENT OUT:
Date: _____   Time: _____  A.M./P.M.
By: _____

Transmittal Problems:

Time

☐ Constant Busy    _____
☐ Constant Ringing  _____
☐ Bad Line       _____
☐ Equipment Problem  _____



**SCHIFF HARDIN**LLP

6600 SEARS TOWER
CHICAGO, ILLINOIS 60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

Thurston C. Bailey
312-258-5561
tbailey@schiffhardin.com

April 16, 2008

**VIA FACSIMILE (312) 431-3670**

Mr. Paul Parker
Karbal, Cohen, Economou, Silk & Dunne
200 S. Michigan Avenue, Suite 2000
Chicago, IL 60604

      **Re:**    **Hartford Insurance Co. v. Brauer**
             **U.S. District Court for the Northern District of Illinois**
             **Case No. 07 C 6664**

Dear Mr. Parker:

        As you know, Ralph Morris and I represent Trinity International University ("TIU"). As such, I am responding to the April 8, 2008 letter you sent Mr. Morris with respect to the above referenced lawsuit. In that letter, you indicate that Mr. Drew Brauer has requested documents from Hartford which include copies of four liability insurance policies that Hartford issued to TIU. Although we do not object to providing that documentation, it is TIU's position that these documents should be produced to Mr. Brauer's attorney until Mr. Brauer and TIU have entered into a protective order regarding those four liability insurance policies. In general, the protective order should restrict the use of those insurance policies to the above referenced case and there should be a provision requiring the return of those documents at the conclusion of the lawsuit. Furthermore, the protection order should generally prevent disclosure of the insurance policies to third parties to the lawsuit except for certain fact and expert witnesses. I believe that each of these things would normally be part of a standard protective order. Finally, if and/or when, such a protective order is filed and/or entered, please forward a copy of that order to my offices.

        If you have any questions concerning this letter, please feel free to contact me at (312) 258-5561.

                    Sincerely,

                    Thurston C. Bailey

TCB/cz
cc:    Michael Picha
       Ralph Morris
CHI\5691457.1