

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Hartford Fire Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   1:07-cv-06664 |
| vs. ) | |
| ) | Judge James F. Holderman |
| Drew Brauer, ) | |
| ) | Mag. Judge Arlander Keys |
| Defendant. ) | |

### AGREED PROTECTIVE ORDER

Pursuant to the Federal Rules of Civil Procedure and for good cause shown, the parties have stipulated to the entry of the following Protective Order.  The purpose of this Protective Order is to preserve and maintain the confidentiality of Confidential Information as defined herein which may be disclosed or obtained through discovery in this action.  The parties agree that good cause exists for this Protective Order to preserve legitimate proprietary and privacy interests.

Now Therefore, the Court finds that good cause exists for this Protective Order to be entered for purposes of discovery.  The Court further finds or orders as follows:

1.  Liability insurance policies No. 83 UEN RY9529, effective 6/30/04-6/30/05, No. 83 UEN RY9529, effective 6/30/05-6/30/06, No. 83 UEN RY9529, effective 6/30/06-6/30/07, and No. 83 UEN RY9529, effective 6/30/07-6/30/08, issued by Plaintiff to a non-party, Trinity International University, which may be disclosed or obtained through discovery in this action (the "Policies"), and any deposition pursuant to which any of the Policies is marked as an Exhibit, are hereby designated as confidential, are hereinafter referred to as "Confidential Information," and are hereby ordered to be subject to the terms of this Protective Order.

2. This Protective Order shall govern the disclosure and use of Confidential Information which may be disclosed or obtained through discovery in this action. All Confidential Information which may be disclosed or obtained through discovery in this action shall be used solely for the prosecution or defense of this action, unless the Confidential Information is available to the general public without a breach of the terms of this Protective Order. The measures designated by the parties in this Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

3. This Protective Order is entered to preserve and maintain the confidentiality of the Confidential Information. This Protective Order imposes obligations on persons receiving Confidential Information to use it only as authorized, and to protect it from unauthorized disclosure.

4. The parties have shown good cause for issuance of this Protective Order. The Confidential Information that is subject to this Protective Order is private. It is reasonable for the Confidential Information which may be disclosed or obtained through discovery in this action to be restricted to use only in the prosecution or defense of this action and protected from unauthorized disclosure.

5. Entry of this Agreed Protective Order does not constitute a waiver of any objections raised in responses to discovery, nor does this Protective Order in any way obligate any party to produce any specific documents or records that a party deems inappropriate for production.

6. Entry of this Protective Order shall not limit any party's right to conduct appropriate discovery, or restrict the use of Confidential Information in the prosecution, defense, or settlement of this action.

7.  Entry of this Protective Order shall not limit a party's right to the use of Confidential Information that is publicly available, obtained outside the scope of this Protective Order, or already in the possession of a party prior to the commencement of this action.

8.  The Confidential Information shall be considered confidential and shall be given confidential treatment as described herein. All Confidential Information, including any such depositions, shall be designated or stamped "Confidential" on each page thereof.

9.  Confidential Information subject to this Protective Order shall not be exhibited, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, other than pursuant to this Protective Order.

10. Defendant and/or his representatives shall not disclose, exhibit, disseminate, or otherwise communicate Confidential Information, except to the following persons (hereinafter referred to as "Qualified Persons"):

   a)  counsel of record for the parties to this Protective Order and agents or employees of such counsel, legal associates, paralegals, or clerical or other support staff to the extent necessary to assist in the conduct of this action;

   b)  any present or former officer, director, employee, or in-house attorney of the parties, any claims administrator entity, representative, or agent for a party to this Protective Order, or any outside vendor who is assisting counsel in this action or the settlement thereof and/or who performs necessary functions in connection with this action;

   c)  any expert, investigator, agent, or consultant (including their employees, associates, and/or support staff) who is employed, retained, or otherwise consulted by a party to this Protective Order or its counsel in connection with this action, so long as such individual is

3

provided with a copy of this Protective Order and specifically advised of the obligation to adhere to its terms;

    d)    any witness or potential witness at a deposition or trial, including such witness' counsel, or who may be called to give testimony on matters relating to the Confidential Information, so long as such witness is provided with a copy of this Protective Order and specifically advised of the obligation to adhere to its terms;

    e)    the Court and court personnel (including any Court for purposes of appellate review), any prospective or actual jurors, and any court reporter at a deposition at which Confidential Information is disclosed.

This Protective Order permits the Defendant to disclose Confidential Information to the Qualified Persons solely for the prosecution, defense, or settlement of this litigation.

11.    The Defendant and all Qualified Persons expressly agree to maintain confidentiality of the Confidential Information, and agree that they will not disclose such information to anyone, except those persons designated in the preceding paragraph above, at any time either during the pendency of this action or subsequent to the conclusion of this action.

12.    The agreement of the parties to this Protective Order shall not be construed as an agreement or admission: (i) that any Confidential Information is, in fact, confidential; (ii) as to the correctness or truth of any Confidential Information; or (iii) with respect to the authenticity, competency, relevance, or materiality of any Confidential Information.

13.    Nothing shall prevent disclosure beyond the terms of this Protective Order if the Court, after notice to all affected parties, orders such disclosure.

14.    The provisions of the Protective Order shall survive the conclusion of this action.

15. If a court or an administrative agency issues a subpoena to or orders production of Confidential Information by the Defendant, the Defendant shall promptly notify the Plaintiff of the pendency of such subpoena or order.

16. The Defendant or Qualified Person who received any Confidential Information shall return it and any copies of same to the Plaintiff at the conclusion of this action or any appeal thereof.

17. Counsel for the parties are ordered to retain copies of all documents containing Confidential Information which are provided in discovery under the Protective Order. Documents containing Confidential Information shall NOT be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The submitting party shall maintain the original documents intact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record.

18. The true identity of the Plaintiff Jane Doe in the lawsuit captioned <u>Jane Doe v. Drew Brauer, et al.</u>, Circuit Court of Cook County Illinois, Docket No. 2007 L 006835, is Confidential Information subject to the terms of this Protective Order, and the parties shall treat the true identity of said Plaintiff Jane Doe in accordance with the terms of this Protective Order.

In witness whereof, the parties, by counsel, have executed this Agreed Protective Order as indicated by their respective signatures below.

_____
For Plaintiff:
Hartford Fire Insurance Company
Wayne Karbal, Paul Parker
Karbal, Cohen, Economou, Silk & Dunne
200 S. Michigan Ave., 20th Floor
Chicago, IL 60604

_____
For Defendant:
Drew Brauer
James T. Harrison
Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098

Enter:

Date: August 19, 2008

_____
Judge